CV-03-P-3239-S

FILED
2003 DEC -5 AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

CLOSED

U.S. District Court
Middle District of Alabama (Montgomery)

CIVIL DOCKET FOR CASE #: 03-CV-1084

Sutton v. Hale, et al                                    Filed: 11/03/03
Assigned to: Judge Ira De Ment
         Referred to: Mag. Judge Susan Russ Walker
Demand: $0,000                          Nature of Suit: 555
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 42:1983 Prisoner Civil Rights



RONALD SUTTON                    Ronald Sutton
    plaintiff                    AIS#210657
                                 [COR LD NTC] [PRO SE]
                                  Tallahatchie County
                                 Correctional Facility
                                 PO Box 388
                                 Tutwiler, MS 38963

   v.

MIKE HALE, Sheriff               Mike Hale
    defendant                    [COR LD NTC] [PRO SE]
                                  Jefferson County Sheriff
                                 Department
                                 801 North 21st Street
                                 Birmingham, AL 35203


DONAL CAMPBELL, Commissioner     Donal Campbell
    defendant                    [COR LD NTC] [PRO SE]
                                 Alabama Department of
                                 Corrections
                                 Legal Division
                                 P. O. Box 301501
                                 Montgomery, AL 36130-1501
                                 (334) 353-3883
                                 FTS 353-3891


BOB RILEY, Governor              Bob Riley
    defendant                    [COR LD NTC] [PRO SE]
                                 Office of the Governor
                                 Alabama State Capitol
                                 600 Dexter Avenue
                                 Montgomery, AL 36130-2751
                                 (334) 242-7120

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
DEC - 4 2003
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RONALD SUTTON, #210657,

    Plaintiff,

vs.

SHERIFF MIKE HALE, ET AL.,

    Defendants.

CIVIL ACTION NO. 03-D-1084-N

ORDER

Upon CONSIDERATION of the Recommendation of the Magistrate Judge, filed November 12, 2003; and plaintiff's objections thereto, filed November 21, 2003, it is

ORDERED as follows:

1. That plaintiff's objections be and the same are hereby OVERRULED;

2. That the Recommendation of the Magistrate Judge be and the same is hereby ADOPTED, APPROVED and AFFIRMED;

3. That plaintiff's claims arising from the conditions of confinement at the Tallahatchie County Correctional Facility be and the same are hereby DISMISSED without prejudice to the right of the plaintiff to file a separate 42 U.S.C. § 1983 action in the United States District Court for the Northern District of Mississippi;

4. That the Tallahatchie County defendants, Jim Cook, Willie Clemons and Henry Holiday, be and they are hereby DISMISSED as parties to this cause of action; and

5. That the plaintiff's claims challenging the conditions of confinement in the Jefferson County Jail and the Bibb County Correctional Facility be transferred to the United States District

Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

DONE this the ___4Th___ day of December, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

FILED

NOV 12 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD SUTTON, #210657, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-D-1084-N |
| ) | |
| SHERIFF MIKE HALE, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ronald Sutton challenges the conditions of confinement to which he was subjected during his incarceration in the Jefferson County Jail and the Bibb County Correctional Facility. He further challenges the conditions of confinement which he now endures at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Both the Jefferson County Jail and the Bibb County Correctional Facility are located within the jurisdiction of the United States District Court for the Northern District of Alabama. The Tallahatchie County Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Mississippi.

Upon review of the factual allegations presented in the complaint, the court concludes that the claims arising from the plaintiff's confinement in the Jefferson County

Jail and the Bibb County Correctional Facility should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1] The court further concludes that the plaintiff's claims related to the conditions of confinement in the Tallahatchie County Correctional Facility should be dismissed without prejudice so that the plaintiff can file a complaint raising such claims in the appropriate federal court.

## DISCUSSION

A. <u>The Tallahatchie County, Mississippi Claims</u>. The plaintiff complains that he is being subjected to cruel and unusual punishment during his confinement in the Tallahatchie County Correctional Facility. Tallahatchie County, Mississippi is located within the jurisdiction of the United States District Court for the Northern District of Mississippi. Moreover, a review of the plaintiff's recitation of the facts reveals that all of the defendants personally involved in the alleged violations which are occurring at the Tallahatchie County Correctional Facility are employees of this facility. Thus, it is clear that the claims presented in the instant complaint with respect to the plaintiff's

---

[1] Attached to the plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. Upon review of this affidavit, it appears that the plaintiff is unable to pay an initial partial filing fee. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

confinement in the Tallahatchie County Correctional Facility are beyond the venue of this court and should be dismissed without prejudice to allow the plaintiff an opportunity to file a complaint raising these claims in the proper federal court.

    B. <u>The Jefferson County and Bibb County Claims</u>. The instant complaint contains claims challenging the conditions of confinement in facilities located within the jurisdiction of the United States District Court for the Northern District of Alabama. With respect to such claims, the plaintiff names persons who reside throughout the State of Alabama as defendants.

    A civil action filed under authority of 42 U.S.C. § 1983 "may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

    It is clear from the face of the complaint that those individuals personally involved in the daily operation of the Jefferson County Jail and the Bibb County Correctional

3

Facility reside in the Northern District of Alabama. Although two of the individuals named as defendants, the governor of the State of Alabama and the commissioner for the Alabama Department of Corrections, reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Additionally, the plaintiff specifically attacks the conditions of confinement at the Jefferson County Jail and the Bibb County Correctional Facility. Thus, the majority of witnesses and evidence associated with these claims are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties the claims with respect to conditions of confinement in the Jefferson County Jail and the Bibb County Correctional Facility should be transferred to the United States District Court for the Northern District of Alabama for hearing and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims arising from the conditions of confinement at the Tallahatchie County Correctional Facility be dismissed without prejudice to the rights of the plaintiff to file a separate 42 U.S.C. § 1983 action in United States District Court for

the Northern District of Mississippi.

2. The Tallahatchie County defendants, Jim Cook, Willie Clemons and Henry Holiday, be dismissed as parties to this cause of action.

3. The plaintiff's claims challenging the conditions of confinement in the Jefferson County Jail and the Bibb County Correctional Facility be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

Done this /4th day of November, 2003.

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

5

CIVIL ACTION NO. 03-D-1084-N

**ORDER**

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this ___12/12___ day of November, 2003.

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE